UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robin Vincent,

       Plaintiff,

v.                                                                   Civ. No. 05-2995 (JNE/JJG)
                                                                 ORDER

Roundy's, Inc.,

       Defendant.

Peter J. Horejsi, Esq., McCloud & Boedigheimer, P.A., appeared for Plaintiff Robin Vincent.

Dawn C. Van Tassel, Esq., Maslon Edelman Borman & Brand, LLP, appeared for Defendant Roundy's, Inc.

      This is an action by Robin Vincent against her former employer, Roundy's, Inc. Vincent asserts claims under the Minnesota Human Rights Act (MHRA), Minn. Stat. §§ 363A.01-.41 (2006), for gender discrimination and reprisal.[1] The case is before the Court on a motion for summary judgment filed by Roundy's.[2] For the reasons stated below, the Court grants the motion.

### I.    BACKGROUND

Roundy's operates Rainbow Foods grocery stores in Minnesota and other midwest states. Roundy's acquired Rainbow Foods out of bankruptcy in June 2003 from Fleming Companies. At the time of the acquisition, Roundy's hired Vincent, who had been working at the Rainbow

---

[1]     Prior proceedings resulted in the dismissal of all claims except Vincent's claims against Roundy's for gender discrimination, reprisal, and respondeat superior. Because Vincent's claims against Steven Million, the Human Resources Manager at Roundy's, have been dismissed, she does not have a viable respondeat superior claim against Roundy's. *Anderson v. Minn. Ins. Guar. Ass'n.*, 534 N.W.2d 706, 709 (Minn. 1995).

[2]     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) (2000).

1

Foods Northtown store in Blaine, Minnesota. Vincent worked thirty-two hours each week in the dairy/frozen foods and receiving departments as a "food handler." The duties of a food handler included writing orders, customer service, working with vendors, cashiering, and stocking shelves. When Vincent began working for Roundy's in June 2003, she was working under medical restrictions that limited her ability to push, pull, lift, and reach.[3]

In June 2003, Roundy's assigned Vincent to work exclusively in the receiving department. Roundy's eliminated Vincent's hours in the receiving department in November 2003 and assigned her the duties of ordering agent in the dairy/frozen foods department. This position required only fifteen work hours per week. Vincent believed gender discrimination motivated the reduction in her hours, and she complained to her union representative and her superiors. On May 18, 2004, Vincent raised her complaints of gender discrimination to Steven Million, the Human Resources Manager for Roundy's. On July 31, 2004, Roundy's completely removed Vincent from the work schedule. Vincent alleges Roundy's illegally reduced and then eliminated her work hours not because of her disability restrictions, but because she was a female and in retaliation for her complaints of gender discrimination.

## II.   DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion," and must identify "those portions of [the record] which it believes

---

[3]    Vincent's physician ordered the restrictions in December 2002 after Vincent injured her right shoulder at work. Vincent made a workers' compensation claim against Fleming, the predecessor of Roundy's, which was settled in August 2004.

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the nonmoving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a court must look at the record and any inferences to be drawn from it in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**A.      Gender discrimination**

Vincent alleges Roundy's discriminated against her on the basis of her gender. The MHRA makes it an unlawful employment practice for an employer to discharge an employee or to discriminate against a person with respect to compensation, terms, conditions, or privileges of employment on the basis of sex. Minn. Stat. § 363A.08, subd. 2.

The parties agree that *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-04 (1973), applies here. *See Cronquist v. City of Minneapolis*, 237 F.3d 920, 926 (8th Cir. 2001); *Anderson v. Hunter, Keith, Marshall & Co.*, 417 N.W.2d 619, 623-24 (Minn. 1988) (MHRA gender discrimination). Under *McDonnell Douglas*, "a presumption of discrimination is created when the plaintiff meets [her] burden of establishing a prima facie case of employment discrimination." *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1006-07 (8th Cir. 2005). Once the plaintiff establishes a prima facie case of discrimination, the employer must come forward with a legitimate, non-discriminatory reason for its conduct. *Sprenger v. Fed. Home Loan Bank of Des Moines*, 253 F.3d 1106, 1111 (8th Cir. 2001). If the employer meets its burden, "the presumption of discrimination disappears, requiring the plaintiff to prove that the proffered

3

justification is merely a pretext for discrimination." *Pope*, 406 F.3d at 1007. The plaintiff has the burden of persuasion at all times. *Id.*

      1.     *Prima facie case*

To establish a prima facie case of gender discrimination, Vincent must demonstrate that: (1) she is a member of a protected class; (2) she was qualified; (3) she was subjected to an adverse employment action; and (4) some evidence of record supports the inference of gender discrimination. *See McDonnell Douglas*, 411 U.S. at 802; *Kindred v. Northome/Indus. Sch. Dist. No. 363*, 154 F.3d 801, 803 (8th Cir. 1998); *Sigurdson v. Isanti County*, 386 N.W.2d 715, 720 (Minn. 1986). The first and third elements are not in dispute. Roundy's contends Vincent has failed to demonstrate that she was qualified to perform her job and that she was treated differently on the basis of her gender.

While a minimal evidentiary showing will satisfy the burden of production at the prima facie stage, *see Turner v. Honeywell Fed. Mfg. & Techs., LLC*, 336 F.3d 716, 720 (8th Cir. 2003), the Court need not decide whether Vincent has met her burden here. "Where the defendant has done everything that would be required of [it] if the plaintiff had properly made out a prima facie case, whether the plaintiff really did so is no longer relevant." *U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 715 (1983); *see also Riser v. Target Corp.*, 458 F.3d 817, 820-21 (8th Cir. 2006). Here, Roundy's has met its burden of coming forward with legitimate, non-discriminatory reasons for its reduction and later elimination of Vincent's work hours.

      2.     *Legitimate, non-discriminatory reasons*

Roundy's proffers two legitimate, non-discriminatory reasons for its actions regarding Vincent's work hours. First, Million's affidavit indicates that Vincent was assigned to work full

4

time in the receiving department in June 2003, to fill a position that was vacated when Jerry Adelman went out on medical leave. Million testified that when Adelman returned from medical leave, Roundy's eliminated Vincent's hours in the receiving department because she was no longer needed there. Roundy's did not have an available position with duties consistent with Vincent's work restrictions when Adelman returned from leave. In order to provide Vincent the opportunity to continue to work during her progression toward medical release from her restrictions, Roundy's created a position for her. It was a fifteen-hour per week ordering agent position in the dairy/frozen food department compatible with her work restrictions.

Second, Roundy's proffers evidence that Vincent's work restrictions were inconsistent with the essential functions of her job as a food handler. *See Palesch v. Mo. Comm'n on Human Rights*, 233 F.3d 560, 565, 569 (8th Cir. 2000) (inability to perform essential functions of job is legitimate, non-discriminatory reason for adverse employment action). According to the job descriptions submitted by Roundy's, a food handler's duties include stocking products on store shelves. Stocking requires an employee to be able to "grasp, push, pull, turn, and lift" products that weigh up to eighty pounds. "Reaching" is also noted as a continual physical demand of the job. Roundy's presents Vincent's own deposition testimony that in November 2003, her work restrictions included fifty-pound push/pull limitations and a ten-pound overhead lifting limitation, as well as a limitation that her duties not require a fully outstretched arm. It is undisputed that Vincent's physician had not released her from these work restrictions when she was removed from the schedule in July 2004.

    3.    *Pretext*

Vincent responds by alleging the reasons proffered by Roundy's are but pretext for gender discrimination. Vincent asserts Roundy's gave her receiving department position to

5

Adelman, a male who had retired. However, Vincent does not support her argument with admissible evidence. In her deposition she asserted, without stating a foundation for her belief, that Adelman retired. Vincent provides no evidence to contradict Million's affidavit that Adelman in fact left his position in the receiving department to take temporary medical leave and resumed his position when he returned to work. Mere allegations are insufficient to raise a genuine issue of material fact on the issue of pretext. *See, e.g.*, Fed. R. Civ. P. 56(e) (nonmovant must submit "affidavits … made on personal knowledge" that "set forth such facts as would be admissible in evidence"); *Krenik v. County of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995).

Vincent also contends that she was physically capable of performing the essential duties of her job at all times and that a bias against women in the workplace motivated the reduction and elimination of her hours. The evidence in the record does not support Vincent's assertions. It is undisputed that Vincent's work restrictions were inconsistent with the pushing, pulling, lifting, and reaching requirements associated with the stocking duties of her job. It is also undisputed that Vincent had not obtained a medical release from her work restrictions at the time her hours were eliminated in July 2004.

Next, Vincent contends Million's deposition testimony evinces a discriminatory animus towards females in the workplace. Specifically, Vincent, in her memorandum of law, portrays Million as having testified that "the reason there is only one (1) female store director out of 31 Minnesota store locations is because it is a 'very demanding job,' 'a huge time commitment,' and tends to be very 'disruptive' to their 'lifestyle and family time.'" Million's actual deposition testimony was "[s]tore directors may work anywhere from 50 to 70 hours in a week, including weekends, including nights. It tends to be very disruptive to a–whether it is a male or female–to their lifestyle and their family." This statement, given after the litigation was begun, is

6

insufficient to raise a genuine issue of fact regarding a discriminatory motive on the part of Roundy's in reducing and eliminating Vincent's work hours. In any event, there is no question that Vincent was not applying for a store manager position.

Vincent also alleges that in conversations with her store manager, Steve Noon, and also with her direct supervisor, Doug Devito, they referred to the "good old boys" at Roundy's and the treatment of Vincent as "unfair." Courts must distinguish comments that demonstrate a discriminatory animus in the decisional process from stray remarks in the workplace, statements by non-decisionmakers, or statements by decisionmakers unrelated to the decisional process. *Rivers-Frison v. Se. Mo. Cmty. Treatment Ctr.*, 133 F.3d 616, 619 (8th Cir. 1998). It is undisputed that Noon and Devito took no part in the decision to reduce Vincent's hours or to remove her from the work schedule. It is also undisputed that Noon was not employed at the Northtown store when Vincent's hours were reduced from thirty-two to fifteen. To the extent Vincent offers the statements as proof of the discriminatory animus of the decisionmaker or decisionmakers, they are hearsay. *See* Fed. R. Evid. 801(c).

Vincent also claims that two co-workers, Ginny Tierny and Gary Sellner, made supportive comments to her about the way she was treated by management. These alleged statements have not been submitted by affidavit or sworn testimony of the speaker. Apart from relevance concerns, they are hearsay. *See id.* A motion for summary judgment cannot be defeated with hearsay. *See* Fed. R. Civ. P. 56(e); *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 801 (8th Cir. 2004). Moreover, Vincent does not allege that Tierny or Sellner was involved in the decision to reduce her hours or to remove her from the schedule.

Vincent next contends that Roundy's treated her differently than similarly situated male employees. At the pretext stage, the similarly situated test is rigorous and requires that the

7

plaintiff and the proposed comparator be "similarly situated in all relevant respects." *Rodgers v. U.S. Bank, N.A.*, 417 F.3d 845, 853 (8th Cir. 2005). Vincent claims Adelman and Dale Lewis are similarly situated male employees who were treated differently by Roundy's after they were injured.

Adelman and Lewis are not similarly situated to Vincent in all relevant respects. As previously noted, the record does not support Vincent's assertion that Adelman retired when he left the receiving department. The only admissible evidence on this point is Million's affidavit, in which he states that Adelman left on medical leave and that he returned fully recovered from his injuries. By her own admission, Vincent never requested medical leave, and it is undisputed that she remained under pushing, pulling, lifting, and reaching restrictions when her hours were reduced and when she was removed from the schedule. As for Lewis, he was an assistant store manager with job duties and responsibilities that differed from Vincent's duties as a food handler. *See LaCroix v. Sears, Roebuck & Co.*, 240 F.3d 688, 694 (8th Cir. 2001) (individuals with different job responsibilities and those who work in other departments are not appropriate comparators). Consequently, neither Adelman nor Lewis is a proper comparator.[4] Vincent has not identified any similarly situated male food handlers at the Northtown store who were scheduled for full-time hours despite working under physician-ordered work restrictions.

Finally, Vincent relies on her own deposition testimony that she believed her gender was part of the reason for the reduction and elimination of her work hours. Roundy's observes that in her deposition, Vincent specifically testified that she did *not* believe her gender was a factor and challenges the admissibility of the deposition errata sheet submitted by Vincent in support of her

---

[4] Vincent's memorandum also mentions Gary Sellner and Mr. Applebaum as similarly situated male employees who were scheduled despite work restrictions. However, Vincent provides no details regarding these employees' job duties, supervisors, or places of employment. Thus, Vincent has not demonstrated that they are proper comparators.

post-deposition assertions. The dispute about the errata sheet's admissibility need not be resolved here. Even if the Court considers Vincent's testimony to be as asserted in the errata sheet, her own subjective beliefs that gender discrimination motivated Roundy's, without more, cannot raise a genuine issue of material fact regarding a discriminatory motive. *Mills v. First Fed. Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833, 841-42 (7th Cir. 1996) (stating "if the subjective beliefs of plaintiffs in employment discrimination cases could, by themselves, create genuine issues of material fact, then virtually all defense motions for summary judgment in such cases would be doomed").

In sum, viewing the record in the light most favorable to Vincent, a reasonable factfinder could not find that Roundy's discriminated against Vincent because of her gender. The Court therefore grants summary judgment to Roundy's on Vincent's MHRA gender discrimination claim.

**B.     Reprisal**

Vincent claims Roundy's retaliated against her in violation of the MHRA by reducing and then eliminating her work hours after she had raised complaints of discrimination. Under the MHRA, it is an unfair employment practice to retaliate against those who oppose practices forbidden by the statute. Minn. Stat. § 363A.15. *McDonnell Douglas* applies to MHRA reprisal claims. *See Ray v. Miller Meester Adver., Inc.*, 664 N.W.2d 355, 367 (Minn. Ct. App. 2003), *aff'd*, 684 N.W.2d 404 (Minn. 2004).

To establish a prima facie case of reprisal, Vincent must show: (1) she engaged in protected conduct; (2) a reasonable employee would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct. *See Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2415 (2006) (Title

VII); *Devin v. Schwan's Home Serv., Inc.*, No. 06-3551, 2007 WL 1948310, at *4 (8th Cir. July 6, 2007) (Title VII and MHRA); *Higgins v. Gonzales*, 481 F.3d 578, 589 (8th Cir. 2007) (Title VII). Roundy's argues that Vincent has failed to establish a prima facie case of reprisal because she has not presented evidence of a causal link between the reduction or elimination of her work hours and Vincent's protected activity.

To demonstrate a causal link, an employee must present evidence sufficient to create a reasonable inference that a retaliatory motive played a part in the challenged adverse action. *See Kipp v. Mo. Highway & Transp. Comm'n*, 280 F.3d 893, 897 (8th Cir. 2002). Vincent claims Roundy's reduced her hours in retaliation for her complaints to Noon that her hours had been reduced because of her gender. Vincent also contends Roundy's removed her from the work schedule after she had raised discrimination claims to Million at the meeting on May 18, 2004. The record does not support Vincent's assertions.

First, it is undisputed that Vincent's hours were reduced from thirty-two to fifteen *before* Noon began working at the Northtown store. Thus, Vincent could not have raised her discrimination complaint to Noon until after her work hours were reduced. Consequently, Vincent cannot rely on this evidence to demonstrate a causal connection between her complaints of gender discrimination to Noon and the reduction of her hours by Roundy's.

Next, Vincent contends that she complained to Million about gender discrimination at the May 18 meeting and that Million retaliated by removing her from the work schedule at the end of July. "An inference of a causal connection between a charge of discrimination and termination can be drawn from the timing of the two events, but in general more than a temporal connection is required to present a genuine factual issue on retaliation." *Peterson v. Scott County*, 406 F.3d 515, 524 (8th Cir. 2005). "A mere coincidence of timing can rarely be

sufficient to establish a submissible case of retaliatory discharge." *Kipp*, 280 F.3d at 897 (quotations and citations omitted); *cf. Peterson*, 406 F.3d at 525 (termination two weeks after a claim of discrimination "close enough to establish causation in a prima facie case"); *Kipp*, 280 F.3d at 897 (interval of two months between discrimination complaint and termination could not justify finding a causal link because two months "so diluted any inference of causation").

Assuming Vincent complained of discrimination to Million on May 18, it is undisputed that Roundy's continued to schedule Vincent as an ordering agent for fifteen hours each week through the end of July. This was the same schedule Vincent had worked since November 2003, when Roundy's created the position for her. Vincent relies exclusively on the temporal connection between her May 18 complaint and her removal from the schedule in July 2004, but this connection is too attenuated to demonstrate a causal connection. Instead, the record indicates that at the time Roundy's removed Vincent from the schedule in July 2004, she remained under medical restrictions that were inconsistent with the essential functions of her job, and that she had failed to obtain a medical release from these restrictions despite being given the opportunity to do so over a period of many months.[5]

In sum, the record, viewed in the light most favorable to Vincent, reveals no causal connection between Vincent's complaints of discrimination and the reduction and later elimination of her work hours. Vincent has, therefore, failed to establish a prima facie case of reprisal. Thus, the Court grants summary judgment to Roundy's on Vincent's MHRA reprisal claim.

---

[5] It is undisputed that on March 30, 2004, as part of her workers' compensation claim, Vincent was approved for a Functional Capacity Examination to determine the extent of her capabilities regarding her job as a food handler. It is also undisputed that Vincent's treating physician was unable to determine her work abilities without the results of this examination. There is no dispute that Vincent did not undergo a Functional Capacity Examination before she was removed from the schedule in July 2004.

### III.  CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Roundy's motion for summary judgment [Docket No. 20] is GRANTED.

2. Vincent's respondeat superior claim and Minnesota Human Rights Act claims of gender discrimination and reprisal are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  July 31, 2007

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge